**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VERA LENA PESKAN,**

        **Plaintiff,**

-vs-                                Case No.  6:07-cv-2036-Orl-19DAB

**BETTY DUGAN, WILLIAM BRUCE SMITH, JOHN LAURENT, JAMES A. YANCEY, ROGER A. ALCOTT, CHIEF JUDGE LANGFORD, JERRY HILL, GRADY JUDD, REBECCA RUSCHEL, SUSAN WEISS, BRAD MITCHELL, C. MICHAEL MAGRUDER, STARLA CALDARON, JOY CARPENTER, RICHARD M. WEISS,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the Motion of Plaintiff for Change of Venue (Doc. No. 4, filed Jan. 2, 2008).  Plaintiff filed a complaint on December 27, 2007 and has not yet served any defendants.  (Doc. No. 1, filed Dec. 27, 2007.)  Plaintiff now moves the Court to transfer this case to the Tampa Division of this District, contending that most of the events relevant to the action occurred in Polk County, Florida.

Local Rule 1.02(c) requires that civil proceedings be instituted in the division with the greatest "nexus" to the case.  Subsection (e) of the same rule allows the Court to transfer the case to another division upon a showing of good cause.  Based the allegations in the Complaint and the residence of the named parties, the Tampa division appears to have the "greatest" nexus to this action.  Since this action should have been filed in the Tampa division, the Court determines that

"good cause" exists to transfer this case to the United States District Court for the Middle District of Florida, Tampa Division.

The Motion of Plaintiff for Change of Venue (Doc. No. 4, filed Jan. 2, 2008) is **GRANTED** in part and **DENIED** in part.  This case shall be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 7, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party